IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT EARLY RAY, JR.,  \*

   Plaintiff,  \*

   v.  \*  2:08-CV-89-MEF
       (WO)

ALABAMA PARDON & PAROLE  \*
BOARD
    \*

   Defendant.

_____

**ORDER**

On January 28, 2008 Plaintiff filed a complaint in which he seeks to challenge actions associated with the revocation of his parole which he asserts occurred on October 23, 2001.[1] However, all claims arising from actions which occurred prior to January 28, 2006 are barred by the limitation period applicable to 42 U.S.C. § 1983 actions filed in this court. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for section 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Alabama law directs that the general statute of limitations for personal injury actions is two years. *See Ala. Code* § 6-2-38(l). Thus, the claims Plaintiff seeks to present with respect to actions which occurred

---

[1] Although the complaint was stamped "filed" in this court on February 8, 2008, page one of Plaintiff's complaint is dated January 28, 2008. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The court, therefore, considers January 28, 2008 as the date of filing for the instant cause of action.

prior to January 28, 2006 are barred by the applicable two-year period of limitation.

Plaintiff names the Alabama Board of Pardons and Paroles as a defendant. The Alabama Board of Pardons and Paroles, however, is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

To the extent Plaintiff presents claims challenging the constitutionality of his current confinement based on the alleged illegal revocation of parole, this challenge provides no basis for relief at this time. In *Heck v. Humphrey,* 512 U.S. 477 (1994*)*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Id*. at 483-489. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended the reasoning of *Heck* by holding that a prisoner's "claim for [either] declaratory relief" or monetary damages based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. *Id*. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."

*Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir. 1995) (denial of parole). Plaintiff has not shown that the 2001 parole revocation decision and/or the 2007 denial of parole he challenges have been invalidated in an appropriate civil action. Consequently, the instant collateral attack on the adverse actions taken against him by employees of the Alabama Board of Pardons and Paroles is prohibited by *Heck* and *Balisok*. Thus, any claims relating to the revocation of parole and/or denial of parole in 2007 are not properly before the court at this time because habeas corpus is the exclusive remedy in which to present such claims.[2] *Balisok,* 520 U.S. at 646; *Heck,* 512 U.S. at 483-89; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

With regard to Plaintiff's request that arrest warrants be issued against members of the Alabama Board of Pardons and Paroles, such request may not be entertained by the court. Plaintiff does not have a constitutional right to see his persecutors punished for their conduct, nor, as a private citizen, can he commence criminal proceedings on his own. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Leeke v. Timmerman*, 454 U.S. 83 (1981) (same); *see also Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa. 1975) (private

---

[2]The court notes that on October 1, 2004 Plaintiff filed a habeas corpus application under 28 U.S.C. § 2254 challenging the 2001 revocation of his parole in the United States District Court for the Northern District of Alabama. That petition is currently on appeal to the Eleventh Circuit Court of Appeals. *See Ray v. Mitchem*, Civil Action No. 5:04-CV-2899-LSC (N.D. Ala. 2007), *available at https://ecf.alnd.uscourts.gov*.

citizens have no right to institute criminal prosecutions in federal court); *United States v. Panza*, 381 F. Supp 1133 (W.D. Pa. 1974) (same). The decision whether to prosecute a particular case is in the discretion of the prosecutorial authority. *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Such decision is not generally subject to judicial review. *Massey v. Smith*, 555 F.2d 1355, 1356 (8th Cir. 1977).

In light of the foregoing, it is

ORDERED that on or before **April 8, 2008** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall supersede the original complaint*. This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.

It is further ORDERED that Plaintiff's amended complaint shall:

1. Present claims relative only to the decision to deny him parole entered on April 30, 2007 and or presents claims relative to actions that occurred ***on or after*** January 28, 2006 which do not relate to the October 23, 2001 revocation of parole;

2. List specific claims for relief in separate counts. Plaintiff is advised that these claims must arise from actions which occurred ***on or after*** January 28, 2006.

3. Name and identify those individuals who are responsible for the alleged violations of his constitutional rights.

  4. Assert with clarity those factual allegations that are material to each specific count and describe how each named defendant violated his constitutional rights.

  5. State the precise relief he seeks from this court.

  Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendants. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

  The Clerk is DIRECTED to mail to Plaintiff a form for use in filing a civil action under 42 U.S.C. § 1983.

  Done, this 19th day of March 2008.

          /s/ Wallace Capel, Jr.
         WALLACE CAPEL, JR.
         UNITED STATES MAGISTRATE JUDGE