IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ROBERT EARL RAY, JR., #136 712 | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-89-MEF |
|  |  | (WO) |
| ALABAMA PARDON AND PAROLE BOARD | * | |
|  | * | |
| Defendant. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a request for injunctive relief prohibiting Warden Billy Mitchem or the correctional officers under his authority from retaliating against him, including retaliatory transfers, and requests that he be placed in the custody of federal authorities. Plaintiff concedes that "no actual injury has occurred upon the petitioner at this present time due to the prematureness of the complaint." The court construes Plaintiff's pleading to contain a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.* For the following reasons, the court recommends that Plaintiff's motion for preliminary injunctive relief be denied.

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002).  The four prerequisites which Ray must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Ray outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.  *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  Injunctive relief will not issue unless the alleged misconduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F.2d 815, 821 (11th Cir. 1987).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel*

*v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Plaintiff requests that prison officials at the Limestone Correctional Facility be prohibited from retaliating against him in light of the instant lawsuit and seeks a transfer to federal custody until this case is resolved. The court must first consider whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden. Specifically, Plaintiff's subjective belief that correctional officials will retaliate against him for his litigation activities is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations are not an adequate substitute for claims of specific, present harm or threat of a specific, future harm). Further, prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Clark v. Browers,* 2005 WL 1926088, at *3 (E.D.Mo. Aug. 10, 2005) (inmate's motion for temporary restraining order or preliminary injunction that did not seek to enjoin any illegal act of defendants, but instead requested transfer to another correctional facility, denied because "plaintiff does not have a

right to be held in the institution of his choosing" ); *see also Beltran v. Smith,* 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. His concededly speculative allegations concerning the conduct of correctional officials is not the type of irreparable harm justifying the issuance of a preliminary injunction. Any problems Plaintiff may encounter as a result of filing this lawsuit can be accomplished through the filing of a complaint in the federal court where the institution which houses Plaintiff is located. *See Sampson v. Murray,* 415 U.S. 61, 90 (1974) (internal quotation omitted) (this "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [also] weighs heavily against a claim of irreparable harm.").

Finally, with regard to the third and fourth factors, Plaintiff fails to show that issuance of an injunction would serve the public interest, and the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest.

In light of the foregoing, the court finds that Plaintiff has failed to meet the requisite

burden for injunctive relief. He has not demonstrated a likelihood of success on the merits. Additionally, Plaintiff has not demonstrated that any threatened injury he faces outweighs the potential harm caused to Defendants by injunctive relief. Finally, as Plaintiff has not shown at this early stage in the litigation any constitutional violations, it would not serve the public interest to grant him injunctive relief.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The Motion for Preliminary Injunction  (*Doc. No. 15*) be DENIED; and

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **April 14, 2008** the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

    Done, this 1st day of April 2008.

                                    /s/Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    UNITED STATES MAGISTRATE JUDGE