IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROBERT EARLY RAY, JR.,  *

    Plaintiff,  *

v.  *  2:08-CV-89-MEF
                                         (WO)

ALABAMA PARDON & PAROLE  *
BOARD
                                   *

    Defendant.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 19, 2008 the court entered an order granting Plaintiff twenty days to file an amendment to his complaint. (*See Doc. No. 9*.) Plaintiff was cautioned that his failure to comply with the March 19 order would result in a Recommendation that his complaint be dismissed. (*Id.*) On April 1, 2008 the court granted Plaintiff an additional fifteen days to comply with the court's March 19 order. (*Doc. No. 19*.) The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 20, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of May 2008.

　　　　　　　　　　　　　　　　　　　　/s/   Wallace Capel, Jr

　　　　　　　　　　　　　　　　　　WALLACE CAPEL, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE