IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

RECEIVED
2008 MAY 15 A 9 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROBERT EARL RAY, JR.,

    Plaintiff,

V.                           * CASE NO: <u>2:08-CV-89-MEF</u>

ALABAMA PARDON & PAROLE
BOARD

    Defendant,

## OBJECTIONS TO THE MAGISTRATE JUDGES DECISION TO DISMISS COMPLAINT FOR CRIMINAL PROSECUTION UNDER § 241 & 242

Comes now Robert Earl Ray, Jr., pro'se in the above-style cause and moves this Honorable court to consider the following objections before dismissing his complaint for possible criminal charges under 18 U.S.C. § 241 & 242.

1. Plaintiff is paying a $350.00 dollar filing fee for this court to allow him to access the court on his complaint for possible criminal charges.

2. Plaintiff has a first & fourteenth amendment right to access the court to "a meaningful ability to set

1

in motion the governmental machinery." This court has stopped this machinery prematurely and unlawfully not having considered whether there is probable cause to decide whether to issue warrants of arrest. Plaintiff is being denied his right to access the court. **Leeke V. Timmerman**, 70L. Ed 2d 65, 454 U.S. 83.

3. Plaintiff is only securing his right to access the court with his complaint as a grievance to the court. Although plaintiff "lacks a judicially cognizable interest in the prosecution or non-prosecution of a matter." The court of appeals considered however that under R.S. did not "foreclose respondents RIGHT to seek an arrest warrant." Leeke Id.

4. The requested issuance of an arrest warrant in this case is simply a prelude to actual prosecution. Plaintiff agrees that the decision to prosecute is solely within the discretion of the prosecutor.

2

5. The plaintiff should have the right to a hearing in order to establish whether there is probable cause in order for the court and the prosecutor to determine whether there is sufficient evidence to present to the grand jury for indictment or for warrants of arrest. This court has denied plaintiff this procedural due process and has foreclosed any chance of seeking prosecution through the court or through the prosecutor by dismissing his complaint without a hearing or without any consideration.

6. In this case the court has denied plaintiff judicial procedure to redress any claimed wrongs? Plaintiff, in other words, were able to "set in motion the governmental machinery" and bring the complaint to the attention of the magistrate. **Lane V. Corrrell**, 434 F 2d 598, 608 (CA5 1970).

7. The prosecutions function 3-3.4 (2d ed 1980), purpose that where the law permits a *private citizen* to complain directly to a judicial officer, the complainant, "*Should be required to present the complaint for prior approval to the prosecutor, and the prosecution's actions or recommendation*

3

thereupon should be communicated to the judicial officer or grand jury." Many jurisdictions contain provisions for private citizens to initiate the criminal process, and some have required or encouraged input if the prosecuting attorney before issuance of an arrest warrant. See, e.g., **Neb Rev. Stat. § 29-404 (1979); Ohio Rev. Code Ann § 2935,10 (1975); SD Comp. Laws Ann §23A0-2-2 (1979); Wis Stat.§ 968.07(3) (1977).**

8. In the case at bar plaintiff requested that this court would transfer the complaint to an U.S. attorney for possible prosecution and this court denied that motion. Plaintiff objects to that action wherein the court has the proper jurisdiction and it *should be required to present the complaint for prior approval to the prosecutor, and the* prosecutor's actions or recommendation thereupon should be communicated to the judicial officer or grand jury." Plaintiff avers that this court should transfer this complaint to the prosecutor's office and allow it to take action or recommend that the complaint should be presented to the grand jury for possible prosecution. Instead this court has

dismissed this complaint without any action or recommendation from the prosecuting attorney.

9. A probable cause hearing was requested and denied by the magistrate in order for plaintiff to set forth the facts of the case and the essential elements that criminal offenses have occurred by members of the parole agency in order for the court and the prosecutor to decide whether there is a need or factual basis for a possible warrant. The court also denied plaintiff subpoenas for witnesses to testify in order to present testimony and evidence to establish probable cause in order for the court and the prosecutor to decide whether to initiate action to the grand jury or issue warrants of arrest. Plaintiff MAKES OBJECTIONS TO ALL OF THESE DENIALS.

10. Plaintiff believes that he is being denied his first & fourteenth amendment rights to access the court to establish probable cause before the court and the prosecuting attorney in order to obtain warrants if both the prosecuting attorney and the court decide the facts warrant such action.

11. If plaintiff is granted his right to set forth the facts and the elements of the offense before the court and prosecuting attorney does not necessarily means that warrants will be issued. However the right to access the court and seek such is that entire plaintiff seeks.

12. A complaint has been sent to a United States Prosecuting attorney for possible prosecution Alice Ann Martin. A hearing is deemed to be set on this matter.

Plaintiff seeks this right and ask that the court will not dismiss his complaint until he is heard and the prosecuting attorney decides after hearing the case that warrants are or are not warranted in this case.

Done on this the 12th day of May 2008.

ROBERT EARL RAY, JR.

CC: Alice Ann Martin
    U.S. Attorney

6



ROBERT EARL RAY, JR. #136712
Limestone Correctional Facility
28779 Nick Davis Rd.
Harvest, Al. 35749

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36010711

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.